Samuel C. Coleman, J.
Holmes’ classic aphorism that ‘1 general propositions do not decide concrete cases ” stands as a caution in more than one field of law, but its impact can hardly be felt more than in the field of “ obscenity.” What is “ obscenity ”? Dictionary definitions are circular and are of little help. General expressions in legal opinions may be the views of a Judge or of a Judge writing for a court en banc, yet speaking as a juror — in condemning a given book or exculpating it from the charge of obscenity. The test must be an objective one — but considering the difficulties inherent in any appraisal — the writing in question must be “ appraised as objectively as possible ”• — -an implicit recognition of the extreme difficulty of attaining complete objectivity. New York may not pass any law abridging the freedom of the press; but it may proceed against publications “ incontestably found to be obscene.” Yet the power to do so “ does not mean that there can be no constitutional barrier to any form of practical exercise of that power ’ ’; and the barrier or the door to permit the exercise of that power can be removed or opened “ only the slightest crack necessary.”
New York deals with the problems of obscenity- — apart from the provisions of the Penal Law — by a section of the 'Code of Criminal Procedure which empowers the court to issue an injunction restraining the sale of obscene publications (§ 22-a). The legislation is valid (Kingsley Books v. Brown, 354 U. S. 436); but the problem of definition remains. The most recent instance of definition is People v. Richmond County News (9 N Y 2d 578). And the decision whether the magazines in question here are obscene depends upon the definition in that case and its application to the magazine in question there.
What is the definition? Two Judges equated “obscenity” with ‘ ‘ hard-core pornography ’ ’; and the test to them, is, predominantly, upon what is sexually morbid, grossly perverse and bizarre. By that test they thought the magazine “ Gent ” not to be “ obscene.” Two other Judges accepted the term “ hard-core pornography ” as the equivalent of “ obscenity ”, but broadened the limits of pornography beyond perversion. They preferred the definition of a pornographic book given by a student of the subject: — a book “ deliberately designed to stimulate sex feelings and to act as an aphrodisiac ”, and they used the term “ pornographic ” as describing the extreme form of gross and all-intentioned sexuality which American statutes and courts may constitutionally punish as criminal. And, by their test, these Judges thought that one is left at least in reasonable doubt as to whether this magazine can fairly be *167 called “ pornographic ”. Four Judges concurring in the result, the charge of obscenity was dismissed.
What is the magazine £ £ Gent ” í 11 The photocover of £ Gent ’ is similar to that of numerous other magazines which loudly proclaim their dedication to coarse sensuality. The contents, like the cover, exhibit the same attempt to pander to and commercialize upon man’s taste for the bawdy and the ribald behind a bare disguise of aesthetic respectability. Thus, together with •short stories of apparent literary merit, reprinted with permission from standard editions of the authors’ works, which are inoffensive under any standard of sexual sensitivity, there appear the usual staples of this form of sexual provocation, including £ artistic ’ photographs, salacious cartoons and short stories of sexual seduction” (p. 580).
But this description of ££ Gent ” is a description of the magazines in question. Not all of them may contain ££ short stories of apparent literary merit ”, but the absence of such stories will not make an otherwise obscene publication any less so. And nothing is gained by attempting a qualitative differentiation among them, as though there were degrees of obscenity. They are ££ Gent ” in a different form; the stories are bawdy, ribald and coarse; they offend one’s sense of decency. They even present serious questions of morals, such as were projected by the clergymen who testified. But so with ££ Gent ”, which was said to contain £ ‘ nothing which smacks of sick and blatantly perverse sexuality ” (p. 587). Even by the broader test “ this collection of sexy fiction and illustrations [££ Gent”] has little of literary merit or artistry, and yet it is not in the First Amendment sense filthy or disgusting or deliberately corruptive or offensive to common decency under prevailing standards of taste ”. And these magazines of ££ sexy fiction and illustrations ” contain ££ numerous pictures and cartoons of nude or semi-nude women and numerous descriptions of sexual arousal and satisfaction ” (p. 587).
Whatever one’s personal views, and irrespective of whether 1 £ the average person applying contemporary community standards ” in a civil or criminal proceeding would say that the dominant theme of * * * [these magazines] appeals to prurient interests ” (p. 585), the Court of Appeals, but by divergent paths, thought1 £ Gent ’ ’ not to offend. In view of that conclusion, in view of this'divergence which by itself counsels caution, of the basic similarity of the magazines to £ £ Gent ’ ’ and of the basic consideration that as between upholding the principles of freedom of expression, and restricting such freedom *168 only where publications are “ incontestably found to be obscene ”, freedom of expression prevails — I cannot say that the plaintiff has proved his case. “ The sole issue ”, the Corporation Counsel says in his brief, is “whether defendant’s magazines are, as a matter of law, obscene ’ ’. On that issue, he has failed.
I am aware that the proceedings involving ‘ ‘ Cent ’ ’ were criminal in nature and are civil here. But section 22-a of the Code of Criminal Procedure adopts the language of the section •of the Penal Law invoked in “ Cent ” (§ 1141), and there cannot be two definitions of obscenity — one limited to criminal proceedings, the other to civil cases — although here the civil proceeding is complementary to a criminal proceeding. And in any case- — ■ civil or criminal — what is condemned is only what is “incontestably found to be obscene”. The complaint is dismissed.